1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAKEEM WILLIAMS,

                       Plaintiff ,

      v.

COLUMBIA DEBT RECOVERY, LLC dba
GENESIS CREDIT MANAGEMENT, LLC,

                 Defendant.

CASE NO. C20-1718-MAT

ORDER RE: MOTION TO DISMISS
AND MOTION TO STRIKE

## INTRODUCTION

Plaintiff Wakeem Williams alleges violations of the Fair Debt Collection Practices Act (FDCPA), the Washington Collection Agency Act (CCA), and the Washington Consumer Protection Act (CPA). (Dkt. 1-2.) Now pending before the Court is the Motion to Dismiss and Motion to Strike (Dkt. 7) filed by defendant Columbia Debt Recovery, LLC dba Genesis ("Columbia"). Plaintiff opposes the motions. (Dkt. 10.) The Court, having considered the parties' briefing and the relevant record, herein GRANTS in part and DENIES in part the motion to dismiss and DENIES the motion to strike for the reasons explained below.[1]

---

[1] Also, because this Order resolves the motion to dismiss, defendant's Motion for Protective Order Staying Discovery Pending Resolution of Motion to Dismiss (Dkt. 14) is herein DENIED as moot.

ORDER
PAGE - 1

BACKGROUND

Plaintiff entered into a one-year lease with Black Lake Apartments (Black Lake) in Olympia, WA, with a term from November 11, 2017 through November 10, 2018. (Dkt. 1-2, ¶4; *see also id.*, Ex. A at 4.)  He paid a $1,787.00 deposit and typically paid rent and utilities every month through an automatic withdrawal. (*Id.*, ¶¶4-5.)  In September 2018, plaintiff received a document from Black Lake asking if he would be staying beyond the end of his lease. (*Id.*, ¶6 (with apparent scrivener's error in year corrected).)  Plaintiff marked the form to indicate he would not be extending his lease and returned it to Black Lake's management office. (*Id.*)  He moved out of the apartment on or before November 10, 2018. (*Id.*, ¶7.)  Because he did not receive any money back from his deposit or hear anything further from Black Lake, plaintiff assumed the deposit had been used to cover any incidentals or remaining charges. (*Id.*)

Plaintiff later learned Columbia was reporting he owed some $3,900.00 to Black Lake. (*Id.*, ¶8.)  He sent a debt validation letter and received an "extremely confusing collection letter, along with documents that purported to demonstrate why he owed the money." (*Id.*, ¶¶9-10, Ex. A.)  The letter stated plaintiff owed $3000.49 in original balance and current principal, along with $618.52 in interest. (*Id.*, ¶11.)  While those two amounts equal a purported debt of $3,619.01, the letter indicated a total amount due of $3,902.01. (*Id.*)  An attached "Move Out Statement" showed a "balance as of 12/01/2018", a date after his lease had ended and several weeks after he had moved out, of $2,234.07. (*Id.*, ¶12, Ex. A at 3.)  The statement also contained a number of other contested charges, such as: one day of prorated rent for December 1, 2018; a $175.00 charge for "[l]egal", despite the absence of any legal action; "reimbursements" charged against instead of refunded to plaintiff; and late charges assessed for periods after the lease ended. (*Id.*, ¶14.)  Some charges were properly assessed, but would not have exceeded the deposit. (*Id.*, ¶15.)

1       Plaintiff initiated this action in King County Superior Court, asserting violations of the

2  FDCPA, CAA, and CPA.  Defendant removed the matter to this Court and now moves to dismiss.

3  <u>DISCUSSION</u>

4  A.  <u>Motion to Dismiss</u>

5       A pleading need only provide a "short and plain statement" of the claim showing a plaintiff

6  is entitled to relief.  Fed. R. Civ. P. 8(a).  A defendant may move for dismissal under Rule 12(b)(6)

7  when a plaintiff "fails to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

8  In considering a Rule 12(b)(6) motion, the Court accepts all factual allegations in the complaint as

9  true and construes them in the light most favorable to the non-moving party.  *Vasquez v. L.A.*

10  *County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

11       Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory

12  or absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police*

13  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "To survive a motion to dismiss, a complaint must

14  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

15  face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

16  U.S. 544, 570 (2007)).  A claim has "facial plausibility" when the party seeking relief "pleads

17  factual content that allows the Court to draw the reasonable inference that the defendant is liable

18  for the misconduct alleged."  *Id.*  Although a complaint need not provide detailed factual

19  allegations, it must give rise to something more than mere speculation that plaintiff has a right to

20  relief.  *Twombly*, 550 U.S. at 555.

21       1.  <u>FDCPA</u>:

22       The FDCPA serves to protect consumers from improper or abusive debt collection efforts.

23  15 U.S.C. § 1692.  It is a strict-liability statute, meaning violations do not have to be knowing or

intentional. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008). "'[W]hether conduct violates [the FDCPA] requires an objective analysis that considers whether 'the least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoted source omitted). As a remedial statute, the FDCPA must be construed liberally in favor of the debtor. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175-76 (9th Cir. 2006). A debt collector's single action can give rise to multiple FDCPA violations. *Id.* at 1177.

Plaintiff alleges violations of sections 1692e and 1692f of the FDCPA. Section 1692e prohibits a debt collector's use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Donohue*, 592 F.3d at 1030. As described in the complaint (Dkt. 1-2, ¶21), subsections of 1692e include prohibitions on the "false representation" of "the character, amount, or legal status of any debt" (§ 1692e(2)(A)); the "threat to take any action that cannot legally be taken" (§ 1692e(5)); "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false" (§ 1692e(8)); and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt" (§ 1692e(10)). Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

Plaintiff avers Columbia violated section 1692e and/or its subsections and section 1692f when it used false, deceptive, or misleading representations or means in connection with the collection of the alleged debt, and unfair and unconscionable means to collect or attempt to collect the alleged debt. He alleges these violations occurred when Columbia: (1) reported inflated, false, and incorrect balances to plaintiff's credit; (2) sent him a collection letter that was false and deceptive on its face in demanding more than the sum of the itemized charges and interest; (3)

ORDER
PAGE - 4

demanded amounts objectively not owed through credit reporting and a collection letter; and (4) calculated interest based on an inflated balance. (Dkt. 1-2, ¶¶21-26.) He maintains he incurred expenses associated with ascertaining his rights through counsel, damaged credit, financial uncertainty, unease and distress. (*Id*. at ¶¶16-17.)

Columbia notes it provided plaintiff the Black Lake move-out statement reflecting a $3,035.65 balance. Columbia argues plaintiff's claims lie with Black Lake and assert a failure to adequately plead how Columbia is responsible for Black Lake's calculation of the debt, how Columbia could be deemed to have communicated credit information it knew to be false, or how its attempt to collect an amount assigned by Black Lake and supported by documentation could be deemed unfair or unconscionable. Columbia also asserts the failure to state any facts supporting an allegation it reported the debt to a credit agency or made any threat. Columbia, finally, asserts the failure to plead sufficient facts for recovery of actual damages under the FDCPA.

Plaintiff alleges Columbia reported his debt of some $3,900.00 and sent him a letter and documentation with contradictory information as to the debt allegedly owed. He sets forth facts and attaches documentation showing Columbia informed him he owed $3000.49 in original and current principal and $618.52 in interest, for a total of $3,619.01, while requesting he remit a different total of $3,902.01, an amount exceeding the principal and interest allegedly due, and providing a statement from Black Lake reflecting a different principal amount due of $3,035.65. (*See* Dkt. 1-2.) He alleges an absence of any basis for the debt Columbia sought to collect, explaining no amount was owed in the first instance because any supportable charges were covered by his security deposit and why certain specific charges could not be owed. (*See id*.)

These allegations suffice to state a claim that Columbia violated subsections 1692e(2) and (10) and section 1692f. That is, the facts alleged show Columbia's attempts to collect on a debt

ORDER
PAGE - 5

included misrepresentations about the amount owed that would have misled the least sophisticated debtor, and that Columbia unfairly sought to collect amounts neither expressly authorized by the assignment received from the original creditor, nor owed by plaintiff. *See, e.g.*, *Arias v. Columbia Debt Recovery*, C20-1602-RAJ-BAT, 2021 WL 952559, at *1-3 (W.D. Wash. Feb. 10, 2021) (finding sufficient facts to state a claim under §§ 1692e(2), (10) and 1692f where plaintiff alleged defendant demanded payment falsely representing the amount owed, claimed a total amount due based on interest and a current principal amount that differed without explanation from an original principal amount, and provided a move-out statement reflecting an original principal amount that included disputed, nebulous, and unexplained charges), report and recommendation adopted, 2021 WL 948834 (Mar. 12, 2021); *Mitchell v. Patenaude & Felix APC*, C19-8090-JLR-TLF, 2019 WL 4043974, at *6 (W.D. Wash. July 15, 2019) (finding same where plaintiff alleged the attempt to collect an amount exceeding the debt owed), report and recommendation adopted, 2019 WL 4034958 (Aug. 27, 2019); and *Dawson v. Genesis Credit Management, LLC*, C17-0638-JCC, 2017 WL 5668073-JCC, at *3 (W.D. Wash. Nov. 27, 2017) (finding violations of §§ 1692e and 1692f where evidence from original creditor as to principal and interest owed differed from the amount sought by defendant debt collector and plaintiff presented evidence some itemized charges had no basis under his lease). The pleading also presents a plausible claim for relief under section 1692e(8) in alleging Columbia reported an approximately $3,900.00 debt to his credit, reported inflated, false, or incorrect balances, and damaged his credit. (Dkt. 1-2, ¶¶8, 16, 22.)[2]

Columbia does not succeed in its attempt to shift the focus to Black Lake. As plaintiff observes, the pleading alleges Columbia sought to collect money in ways that were confusing and

---

[2] To the extent Columbia maintains it did not report any debt or otherwise violate this particular subsection, it may pursue dismissal on the merits at a later date. Also, although listing the FDCPA's prohibition on the "threat to take any action that cannot legally be taken" under subsection 1692e(5), the pleading does not appear to raise this particular allegation against Columbia. (*See* Dkt. 1-2, ¶22.)

misleading and in amounts that were not correct.  Plaintiff's claims thus properly lie against Columbia.  It is also true that a debt collector "may not be held liable" with a showing "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).  However, this section of the FDCPA provides an affirmative defense for which Columbia would bear the burden of proof at trial.  *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994).  The information and documentation from Black Lake does not serve to undermine the sufficiency of the pleading.  *See Arias*, 2021 WL 952559, at *3 ("To the extent Columbia is arguing that it is entitled to rely on the "Move Out Audit Sheet" in its collection attempts, this is not a basis to dismiss a factually sufficient complaint. Rather, reliance on information obtained from a client is an affirmative defense for which the debt collector has the burden of proof at trial.") (citations omitted); *Dawson*, 2017 WL 5668073-JCC, at *3 (debt collector overstated the extent to which it could rely on the original creditor's representations regarding the debt and bore the burden of proof on the affirmative defense under § 1692k(c)).

Nor does Columbia demonstrate any basis for dismissal in relation to the damages alleged. Columbia states that, while generally alleging he "suffered financial uncertainty, unease, and distress caused by the false, improper, and confusing nature of the collection efforts[,]" plaintiff offers no facts suggesting an actual symptom of emotional distress, establishing a causal link between its letter and any damage to plaintiff's credit, or identifying any expenses caused by its actions. (Dkt. 1-2, ¶17.) There is, however, "no requirement that a complaint allege facts plausibly stating that the plaintiff has suffered actual damages unless actual damages can be construed to be an element of the specifically invoked cause of action." *Gomez v. Niemann & Heyer, L.L.P.*, C16-0119, 2016 WL 3562148, at *16-17 (W.D. Tex. Jun. 24, 2016).  Because damages are not an

element of an FDCPA claim, they are not properly challenged in this fashion under Rule 12(b)(6). *See id.* (denying motion to dismiss FDCPA claims based on a failure to allege facts supporting actual damages) (citing, *inter alia*, *Alevsky v. GC Services Limited Partnership*, C13-6793, 2014 WL 1711682, at *1 (E.D.N.Y. Apr. 30, 2014) ("[T]he plaintiff's complaint need not allege the *results* of the defendant's wrongful conduct [under the FDCPA]; the complaint only need allege the elements of that wrongful conduct, and request relief as appropriate.") (citing cases)).[3]  For this reason, and for the reasons stated above, Columbia provides no basis for dismissing plaintiff's claims under the FDCPA.

2.   <u>CAA and CPA</u>:

The CAA is Washington's counterpart to the FDCPA.  *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53, 204 P.3d 885 (2009).  "Like the FDCPA, it prohibits collection agencies from making false representations as to the legal status of a debt, threatening the debtor with impairment of credit rating, attempting to collect amounts not actually owed, or implying legal liability for costs not actually recoverable, such as attorney fees or investigation fees, among other practices." *Id.* at 53-54 (citing RCW § 19.16.250).  The CAA does not itself provide a cause of action.  Instead, because actions prohibited under the CAA are declared unfair acts or practices under the CPA, a violation of the CAA constitutes a per se violation of the CPA.  *Id.*; RCW 19.16.440.

Plaintiff avers Columbia violated subsections 21 and 15 of RCW 19.16.250.  Subsection 21 prohibits the collection, or attempted collection, "in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs." RCW 19.16.250(21).

---

[3] *See also infra* n.5 (addressing an FDCPA case in relation to plaintiff's CAA/CPA claims).

1     Subsection 15 prohibits a collection agency from "represent[ing] or imply[ing] that the existing

2 obligation of the debtor may be or has been increased by the addition of attorney fees, investigation

3 fees, service fees, or any other fees or charges when in fact such fees or charges may not legally

4 be added to the existing obligation of such debtor."  RCW 19.16.250(15).

5     Plaintiff alleges Columbia demanded money on numerous occasions for amounts that were

6 not owed through a collection letter and credit reporting and violated RCW 19.16.250(21) with

7 each collection attempt.  (Dkt. 1-2, ¶¶31-33.)  He alleges Columbia repeatedly violated RCW

8 19.16.250(15) in calculating interest on a balance that was obviously not owed and demanding

9 plaintiff pay that interest.  (*Id.*, ¶¶35-36.)

10     Columbia contends plaintiff fails to state a claim under either provision because he

11 challenges only the addition of interest to the outstanding debt.  Columbia argues the interest is

12 not a "fee" or "charge" prohibited under RCW 19.16.250(15), and the insufficient pleading of facts

13 demonstrating the interest was not permitted under RCW 19.16.250(21).  Columbia also argues

14 insufficient pleading of the CPA elements of causation and injury through the failure to identify

15 actual damages necessitated or caused by Columbia's conduct, or any facts supporting an

16 allegation Columbia caused any damage to plaintiff's credit.

17     A debt collector violates RCW 19.16.250(21) "when it attempts 'to collect amounts not

18 owed.'"  *Dawson*, 2017 WL 5668073, at *4 (quoting *Panag*, 204 P.3d at 897).  Plaintiff states a

19 claim under RCW 19.16.250(21) through his allegation Columbia sought to collect for alleged

20 past-due rent and other charges he does not owe.  *See, e.g., Arias*, 2021 WL 952559, at *4-5;

21 *Mitchell*, 2019 WL 4043974, at *6.  *See also Johnson v. Columbia Debt Recovery, LLC*, No. C20-

22 573-RSM, 2021 WL 796332 at *3-4 (W.D. Wash. Mar. 2, 2021) (finding violation given evidence

23 defendant attempted to collect for an erroneous amount of rent); *Dawson*, 2017 WL 5668073, at

ORDER
PAGE - 9

*4 (finding violation where evidence demonstrated some of the debt defendant attempted to collect was not owed under the lease).

Plaintiff does not, on the other hand, set forth facts to support a violation under RCW 19.16.250(15). Plaintiff's allegation explicitly challenges only Columbia's addition of interest. (Dkt. 1-2, ¶35.) The pleading attributes any unsupportable fees or charges to Black Lake's original assignment of debt. (*See id.*, ¶¶14-15.) Given the absence of any facts supporting an allegation Columbia represented or implied an increase to an existing debt with impermissible fees or charges, plaintiff fails to state a claim under RCW 19.16.250(15). *Cf. Arias*, 2021 WL 952559, at *4-5 (pleading sufficient where plaintiff alleged defendant sought interest on a balance obviously not owed *and* "added fees and costs that can only be added pursuant to a court order, which it never obtained."); *Mitchell*, 2019 WL 4043974, at *6-7 (pleading sufficient where plaintiff alleged defendant sought to collect litigation costs and attorney's fees associated with a purportedly unlawful default judgment); *Dawson*, 2017 WL 5668073, at *4 (finding no RCW 19.16.250(15) violation where plaintiff did not present any evidence defendant represented debt "had been or would be increased with the types of charges listed in the statute[] . . . e.g. attorney fees, investigation fees, and service fees.")[4]

Plaintiff does, however, sufficiently plead the remaining elements of a CPA claim. Once a plaintiff establishes a per se violation of the CPA, he need only demonstrate the violation proximately caused injury to his business or property. *Panag*, 166 Wn.2d at 63-64 ("To establish injury and causation in a CPA claim, it is not necessary to prove one was actually deceived. It is

_____

[4] In *Lackey v. Ray Klein, Inc.*, C19-590-RSM, 2019 WL 3716454, at *1-3 (W.D. Wash. Aug. 7, 2019), the Court found a plaintiff sufficiently pleaded grounds for relief under RCW 19.16.250(15) where she "alleged with specificity Defendant's efforts to collect on more debt than what was owed by issuing a writ of garnishment and two debt collection letters seeking to collect on pre-judgment interest." However, the facts in *Lackey*, unlike this case, included a debt collector's requests for "other fees" beyond interest, as well as a "vague threat of more fees if she failed to pay." *Id.*

ORDER
PAGE - 10

sufficient to establish the deceptive act or practice proximately caused injury to the plaintiff's 'business or property.'")   "'Injury' is distinct from 'damages.' Monetary damages need not be proved; unquantifiable damages may suffice."  *Id*. at 58 (quoting *Nordstrom v. Tampourlos*, 107 Wn.2d 735, 740, 733 P.2d 208 (1987)).  For example, while attorneys' fees are not a form of actual damages contemplated by the CPA, *Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 565, 825 P.2d 714 (1992), and the requirement of an injury to business or property excludes damages for personal injury and emotional distress, *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn. 2d 412, 430-32, 334 P.3d 529 (2014), expenses incurred in consulting an attorney about a debt or the costs of investigating a debt suffice to demonstrate injury,  *Panag*, 166 Wn.2d at 62 ("Consulting an attorney to dispel uncertainty regarding the nature of an alleged debt is distinct from consulting an attorney to institute a CPA claim. Although the latter is insufficient to show injury to business or property, the former is not.")

Plaintiff avers that, as a result of Columbia's actions, he incurred expenses in seeking to ascertain his legal rights and responsibilities, as well as damage to his credit.  (Dkt. 1-2, ¶16.) Plaintiff, as such, sufficiently alleges injury and causation under the CPA.  *See, e.g., Mitchell*, 2019 WL 4043974, at *7-8 (plaintiffs sufficiently pleaded an injury in alleging, *inter alia*, expenses incurred in seeking counsel to ascertain their legal rights and responsibilities and damaged credit through a judgment that should not have issued); *Dawson*, 2017 WL 5668073, at *5 (plaintiff demonstrated injury where he took several hours off work to deal with collection efforts and incurred costs in seeking an attorney to determine his legal obligations based on a debt collector's representations).[5]

_____

[5] In its reply, Columbia cites to *Adams v. Skagit Bonded Collectors, LLC*, No. 20-35158, 836 F. App'x 544 (9th Cir. 2020), as instructive on the need to assert actual damages or injury under the CPA.  In *Adams*,  a consumer alleged a debt collector violated the FDCPA's affirmative disclosures requirement and its prohibition on false or misleading representations by sending him collection letters that did not clearly

The Court, in sum, finds plaintiff fails to state a claim under RCW 19.16.250(15). Columbia is therefore entitled to dismissal of only this portion of plaintiff's claims under the CAA/ CPA.

B.     Motion to Strike

Pursuant to Rule 12(f), the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is "'to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]'" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoted source omitted). Courts, as a general matter, disfavor motions to strike "because they 'may be used as delaying tactics and because of the strong policy favoring resolution on the merits.'" *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018) (quoted and cited sources omitted). *See also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("'Motions to strike are regarded with disfavor [ ] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings.'") (quoted source omitted). However, a motion to strike will be well taken if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other*

---

identify his current creditor. *Id*. at 545. The plaintiff alleged harm "because, 'upon reading the letter, [he] was unsure of who the current creditor was.'" *Id*. The Ninth Circuit found the plaintiff lacked standing because he had not "alleged actual harm or a material risk of harm to the interests protected by the FDCPA." *Id*. at 546-47. The pleading did not suggest the plaintiff "took or forewent any action" that could constitute actual harm and, instead, merely included "a bare allegation of confusion." *Id*. at 547. Nor did an entirely conjectural or hypothetical contention "a hypothetical consumer might detrimentally rely on an allegedly misleading creditor identification" support an inference the plaintiff was ever at risk. *Id*. In this case, plaintiff does not allege he suffered no more than confusion as a result of defendant's actions. He alleges harm, under the CPA, through the above-described expenses and damage to his credit and, under the FDCPA, resulting from defendant's attempts to collect on and reporting of a debt he does not owe. Columbia's reliance on *Adams* is, as such, inapposite.

ORDER
PAGE - 12

*grounds*, 510 U.S. 517 (1994).

In its motion to strike, Columbia identifies ten paragraphs from the complaint as containing improper legal conclusions, citations, and legal argument, and contends they are inappropriate and should be stricken.  Plaintiff responds that the motion to strike is without legal or factual basis, and that the cited portions of the complaint inform and explain the causes of action asserted and do not present any "spurious issues" for litigation.  The Court agrees with plaintiff.  Columbia does not identify any insufficient defense or redundant, immaterial, impertinent, or scandalous material.  The portions of the complaint targeted by Columbia are both logically connected to and relevant to plaintiff's causes of action.  Moreover, the tenet that a court must accept as true all allegations contained in a complaint when analyzing a motion to dismiss is not applicable to legal conclusions. *See Twombly*, 550 U.S. at 555.  The Court, as such, finds no serious risk of prejudice posed to Columbia in the inclusion of the material at issue or any basis for granting the motion to strike.

## CONCLUSION

The Court GRANTS in part and DENIES in part defendant's Motion to Dismiss and Motion to Strike.  (Dkt. 7.)  The Motion to Dismiss is GRANTED as to Count 4 of the complaint, alleging violation of RCW 19.16.250(15), and this claim is DISMISSED without prejudice and with leave to amend.  The Motion to Dismiss is DENIED as to all other grounds for relief and the Motion to Strike is DENIED in its entirety.

DATED this 19th day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 13