THE HONORABLE MARY ALICE THEILER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAKEEM WILLIAMS,

                  Plaintiff,

vs.

COLUMBIA DEBT RECOVERY, LLC dba GENESIS,

                  Defendant.

NO. 2:20-cv-01718-MAT

COLUMBIA DEBT RECOVERY, LLC DBA GENESIS' MOTION TO STAY

Noted for: October 8, 2021

## I. INTRODUCTION AND RELIEF REQUESTED

Defendant Columbia Debt Recovery, LLC ("Columbia") moves to stay this case until the parties conclude their litigation in an earlier filed and related case pending in Thurston County District Court captioned *Columbia Debt Recovery, LLC v. Wakeem Williams*, Thurston County District Court No. 127503 ("Thurston County Matter"). On December 12, 2019, in the Thurston County Matter, Columbia filed a Summons and Complaint against the Plaintiff here, Wakeem Williams to collect the debt at issue, seeking to recover the debt to his former landlord. In December 2019, Columbia tried to serve Mr. Williams in the Thurston County Matter at the residence that he owns, on three separate times, without success.

Mr. William's FDCPA case against Columbia is directly tied to and related to Columbia's 2019 lawsuit: Mr. Williams claims Columbia violated the FDCPA by trying to

MOTION TO STAY - 1
(Case No. 2:20-cv-01718-MAT)

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-6645
Facsimile: (206) 689-2822

collect a debt that he does not owe. As a result, whether he owes this debt has significant ramifications here.

Columbia requests that this Court stay this litigation until the conclusion of the Thurston County Matter and require Mr. Williams to accept service of process in the Thurston County Matter.

## II. FACTS AND PROCEDURAL HISTORY

This case relates to Plaintiff's debt that he owed to his prior landlord, Black Lake Apartments, L.L.C. ("Black Lake"). Mr. Williams ended his lease with Black Lake in December 2018. Mr. Williams did not give the required 20-day written notice before he ended his lease. He owed late payments on his rent when he ended his lease. He owed payments for utilities when he ended his lease. And Black Lake had to repair extensive damage to the apartment he rented at the end of Mr. Williams' lease. As a result, Mr. Williams owed $3,000.49 to Black Lake when he moved out.

Black Lake tried, unsuccessfully, to recover this debt. In March 2019, Black Lake assigned this debt to Columbia for collections. On December 12, 2019, Columbia sued Mr. Williams in the Thurston County District Court for breach of contract. [*See* Summons and Complaint filed in the case captioned Thurston County Matter attached as **Exhibit 1** to the Declaration of Daniel Culicover ("Culicover Decl.")].

Columbia tried to serve Mr. Williams three times at different times of the day at the address Columbia had on file. [*See* Culicover Decl. **Exhibit 2** (Declaration of Attempted Service)]. The process server attempted service at Mr. Williams' apartment, located at 2775 Tuscany Ln SW, Apt. #632, Olympia, WA. [*Id.*]. Mr. Williams used this address as recently as December 5, 2019 when he used it as the return address on a dispute letter he wrote to Columbia. [*See* Culicover Decl. **Exhibit 3**, Dispute Letter]. While attempting service, the process server observed that there was a camera on the bedroom window.

MOTION TO STAY - 2
(Case No. 2:20-cv-01718-MAT)

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-6645
Facsimile: (206) 689-2822

| Address | Status Note |
|---|---|
| 2755 Tuscany Ln SW Apt. 632 Olympia, WA | Timothy Douglas Gibb attempted on 12/24@1414, 12/27@1900, and 12/29@0801 - Apartment #632 is actually in building 2775, not 2755. No answer, there is a camera on the bedroom window. |

[*See* Culicover Decl. Ex. 2]. Thus, it is reasonable to conclude that Mr. Williams evaded service.

Mr. Williams sued Columbia here in October 2020—over nine months after Columbia filed its Thurston County suit against Mr. Williams—asserting FDCPA claims arising from the same debt that was the subject of Columbia's Thurston County Complaint.

In September 2021, Columbia's counsel tried to obtain Mr. Williams' counsel to consent to accept service of the Thurston County Complaint again. First, Columbia asked Mr. Williams' counsel to accept service on behalf of Mr. Williams, which he refused. [Culicover Decl. **Exhibit 4**]. Next, Columbia asked Mr. Williams' counsel to stipulate to filing a counterclaim in this matter to adjudicate both claims in the same litigation. [*Id.*]. Mr. Williams' counsel did not agree to stipulate to the filing of a counterclaim. He did, however, state he would not to oppose a motion for leave to file a counterclaim. [*Id.*].

The day after Mr. Williams agreed not to oppose Columbia's motion to file a counterclaim, Mr. Williams moved for partial summary judgment.

### III. ARGUMENT

#### A. A Stay Is Warranted in this Case

Courts have the power to manage their docket by staying proceedings to wait for a decision in another case. *See Landis v. N. Am. Co*., 299 U.S. 248 (1936). This is an inherent power that courts use to efficiently resolve cases and economize the "time and effort for itself, for counsel, and for litigants." *Id.* at 255. "A district court may stay an action "pending resolution of independent proceedings which bear upon the case" even if the other proceedings do not control the action before the court." *Jinni Tech Ltd. v. RED.com, Inc.*, 2018 WL 5312200, at *3 (W.D. Wash. Oct. 26, 2018) (granting motion to stay).

MOTION TO STAY - 3
(Case No. 2:20-cv-01718-MAT)

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-6645
Facsimile: (206) 689-2822

Three factors are relevant when considering a stay: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Jinni Tech Ltd.*, 2018 WL 5312200, at *3 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Columbia meets each element here.

### 1. No Hardship Will Result from a Stay

No harm will result if the Court stays this case pending the outcome of the Thurston County Matter. Columbia filed the Thurston County Matter long before Mr. Williams initiated this lawsuit. The only reason the Thurston County Matter remains unresolved is that Mr. Williams appears to have evaded service and continues to refuse service. While this Court cannot discipline Mr. Williams for disregarding the Washington Civil Rules, it should not reward this behavior either.

Mr. Williams will not suffer hardship if Columbia is able to serve him in the Thurston County Matter beyond "the general unpleasantness of being involved in a lawsuit," which does not constitute prejudice. *Jinni Tech Ltd. v. RED.com, Inc.*, 2018 WL 5312200, at *4 (W.D. Wash. Oct. 26, 2018). He cannot show that he is in immediate need of relief. *Lacy v. Comcast Cable Commc'ns, LLC*, 2020 WL 2041755, at *2 (W.D. Wash. Apr. 28, 2020) (granting stay of plaintiff's TCPA class action because plaintiff failed to show he needed immediate relief).

Likewise, delaying the resolution of Mr. Williams' Motion for Summary Judgment will not cause hardship. *See Jinni Tech*, 2018 WL 5312200, at *4 (granting stay and find that non-moving party's concern "that it will not be able to immediately file its summary judgment motion—is not the type of damage described in *Landis*").

MOTION TO STAY - 4
(Case No. 2:20-cv-01718-MAT)

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-6645
Facsimile: (206) 689-2822

### 2. Columbia Will Suffer Prejudice Without a Stay

Columbia's defense here turns, in part, on whether the debt Columbia tried to collect is owing. Columbia tried to resolve this question nearly two years ago when it sued Mr. Williams in the Thurston County Matter. The only reason this question remains open is because service on Mr. Williams has failed and his attorneys have refused to accept service on his behalf.

Columbia could be prejudiced by a decision here that conflicts with a later decision in the Thurston Count Matter. Courts favor staying litigation if two cases could reach inconsistent rulings. *See Jinni Tech*, 2018 WL 5312200, at *5. Thus this factor weights in favor of a stay.

### 3. A Stay Will Further Judicial Economy, and Will Allow the Parties to Resolve the Thurston County Matter and Simplify the Issues Here

Mr. Williams' claims against Columbia are based, in part, on the claim that Columbia tried to collect a debt from Mr. Williams that he does not owe. The validity of the underlying debt is not at issue in this action, but a determination of the validity of the debt in the Thurston County Matter would streamline this case. If the state court finds that Mr. Williams is liable for the debt, it would eliminate most of his claims against Columbia. Staying this action pending the outcome of the state court case also eliminates the potential for conflicting results about the underlying debt. This Court's interest of judicial economy would also be served in granting this stay.

Courts have issued stays in similar cases in which the outcome of a related matter could narrow or eliminate a lawsuit. *See, e.g.*, *Lacy v. Comcast Cable Commc'ns, LLC*, 2020 WL 2041755, at *2 (W.D. Wash. Apr. 28, 2020) (agreeing to stay case pending the U.S. Supreme Court's decision in a related matter that may "provide useful guidance in this case"); *Knapp v. Reid*, 2016 WL 561734, at *2 (W.D. Wash. Feb. 12, 2016) (agreeing to stay case pending the U.S. Supreme Court's decision in *Spokeo*, which had the potential to "negate this lawsuit"). A stay is warranted here for the same reason.

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-6645
Facsimile: (206) 689-2822

**B.  This Action Should Be Stayed Under the *Colorado River* Abstention Doctrine**

Along with the Court's inherent authority to manage its docket, the Court should also stay this matter under the *Colorado River* doctrine. Federal courts must decide whether to "hear a case when a parallel action is pending in state court." *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Judicial economy and consistent disposition of litigation drive this determination. *See T.K. v. Stanley*, 2017 WL 2671295, at *1 (W.D. Wash. June 21, 2017) (citing *Colorado River*, 424 U.S. at 817). Once the court determines there is a parallel state court case, the federal court evaluates eight factors to determine whether a stay or dismiss is appropriate.

Here, the Thurston County matter is a parallel action for purpose of the *Colorado River* doctrine. The Thurston County court's decision will resolve the most substantive issue in the case, whether the underlying debt is due, which will act as collateral estoppel here since the parties in the two cases are the same and the issues are substantially similar.

The eight-part *Colorado River* balancing test favors staying this case. The first factor, "which court first assumed any jurisdiction over any property at stake" has no bearing here because "this case does not involve a res as contemplated in *Colorado River*." *T.K. v. Stanley*, 2017 WL 2671295, at *4. Even if this factor were relevant, it would weigh in Columbia's favor because Columbia filed its claim in the Thurston County court before Plaintiff filed this action. The only reason that case has not advanced is because Plaintiff has refused to accept service.

Second, staying this case will address the "chief concern" in *Colorado River*, which was "avoiding piecemeal litigation." *United States v. Morros*, 268 F.3d 695, 706 (9th Cir. 2001). "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011). A central dispositive issue in both this case and the

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-6645
Facsimile: (206) 689-2822

Thurston County matter is whether the underlying debt is valid. Different results are possible if both cases proceed, which would lead to inconsistent results.

The third factor, the order of jurisdictions, addresses which case has progressed the furthest. While this case is further along than the Thurston County case, the only reason for this progress is Mr. Williams' refusal to submit to jurisdiction in the Thurston County matter. Mr. Williams should not be rewarded for evading service. Thus, to the Court should ignore this factor here.

Fourth, "the relative convenience of the two forums," favors a stay. Litigating in this court or Thurston County are as convenient because the cases are "pending in adjacent counties, meaning that neither this court nor the state court are more convenient." *T.K.*, 2017 WL 2671295, at *4 (citing *Peak Performance Nutrition v. Media Power, Inc.*, 669 F. Supp. 2d 1176, 1180 (C.D. Cal. 2009)).

Next, the fifth factor is neutral because it asks whether federal or state law governs. Both cases involve state law claims. This factor weighs in favor of a stay because "both cases and all claims are based on the exact same incident and involve the exact same parties, and each case will involve discovery and perhaps a trial into the actual facts of the incident." *Evans v. Heimann*, 2019 WL 972715, at *3 (W.D. Wash. Feb. 28, 2019).

Sixth, the state court can protect the interests of the parties here. *Id.* (factor six "[w]hether the state court can adequately protect the rights of the federal litigants"). Neither party will lose the ability to raise arguments by litigating in Thurston County. This factor warrants a stay.

Seventh, staying this case will address the problem of forum-shopping. *Temple v. Clark Cty.*, 2020 WL 2708830, at *10 (W.D. Wash. Apr. 22, 2020). Mr. Williams' actions are different from the usual examples of forum shopping in which a party seeks "more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding."

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-6645
Facsimile: (206) 689-2822

*Id.* Instead, Mr. Williams here refused to accept service and defend against Columbia's claims in Thurston County and sued in King County. Thus this factor points to a stay.

The eighth factor, whether "the state proceedings will resolve all of the issues before the federal court" is neutral or weighs against a stay. *Evans*, 2019 WL 972715, at *3. "[E]xact parallelism . . . is not required. It is enough if the two proceedings are substantially similar." *Temple*, 2020 WL 2708830, at *10. Here, this case is substantially similar to the Thurston County case because they both involve the same debt. A decision in the Thurston County case could resolve many issues in this case, although some small issues may remain here.

## IV. CONCLUSION

The Court should stay this matter pending the outcome of the Thurston County Matter relating to the underlying debt at issue. Mr. Williams' claims relate are based on the allegation that the debt Columbia tried to collect is not owed. A determination of the validity of that debt would streamline this action. Limited discovery has been issued, no depositions have taken place, and Mr. Williams is not prejudiced by a stay in this matter.

Dated: September 23, 2021

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Daniel O. Culicover*
Petra N. Ambrose, WSBA # 48924
Daniel O. Culicover, WSBA # 55085
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
Email: pambrose@grsm.com
dculicover@grsm.com

*Attorneys for Defendant Columbia Debt Recovery, LLC dba Genesis*

MOTION TO STAY - 8
(Case No. 2:20-cv-01718-MAT)

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-6645
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification to the following:

>Jason Anderson
>Tyler Santiago
>jason@alkc.net
>tyler@alkc.net
>*Attorneys for Plaintiffs*

DATED: September 23, 2021

*s/ Christine F. Zea*
Christine F. Zea, Legal Assistant

MOTION TO STAY - 9
(Case No. 2:20-cv-01718-MAT)

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-6645
Facsimile: (206) 689-2822